*Samuel Judd* v. *Hannah Van Cortland admr'x &c. et al.* J. R. LAWRENCE, for appellant; G. F. COMSTOCK, for respondents. Decree and order of the late vice chancellor of the seventh circuit reversed; and a decree directed to be entered declaring that the complainant's mortgage is the prior lien upon the premises; that he is entitled to a preference in payment out of the proceeds of the sale of the mortgaged premises; and that the representatives of Van Cortland have also an equitable claim upon the premises for the amount due

on the bond and mortgage to Van Cortland. Reference to a master directed, to inquire and report the amount due to the complainant, and to the representatives of Van Cortland. Decree also to direct a sale of the premises, and for the payment to complainant of the amount reported due to him with interest and costs, out of the proceeds; and that the residue of the proceeds of the sale be applied to the payment of the amount reported due to the representatives of Van Cortland, with interest from date of report; with liberty to such representatives to proceed either at law or in equity against the defendant Wendell for the deficiency, if any.

*James G. Ferguson adm'r &c. and survivor &c.* v. *William Kimball et al.* W. CRAFTS, for appellants; T. E. CLARK & J. A. SPENCER, for respondents. Decided that upon a rehearing the cause is open, as to the party upon whose application the order for a rehearing was granted, only as to those parts of it which are complained of in the petition upon which the order was granted.

Rehearing.

Held also, that in a suit to foreclose a mortgage, if more than $100 is claimed to be due, the court would not be divested of its jurisdiction to make a decree for the sale of the mortgaged premises even if the master should come to the conclusion that less than $100 was in fact due; the matter in *controversy* being more than that sum. Especially where, from the nature of the case, the mortgage could not have been properly foreclosed under the statute; because it was to cover unliquidated damages.

Jurisdiction in foreclosure suit where less than $100 is reported due.

That where a mortgagor who is personally liable for the debt sells the mortgaged premises in parcels, to two or more persons, at different times, such parcels are to be charged in the inverse order of their alienation.

Mortgaged premises which have been sold by mortgagor, in parcels, how to be charged.

Decree appealed from affirmed with costs; without prejudice to the rights of the appellants as between themselves, as to contribution towards the payment of the amount due upon the mortgage with interest and costs. Decree also to direct that if the premises shall not sell for enough to pay the amount reported due, with interest and costs, the appellants pay the value of the rents and profits during the time which has